IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **EVARISTUS MACKEY,** | : | |
| Petitioner, | : | CIVIL NO. 3:CV-05-1087 |
| v. | : | (Judge Caputo) |
| **JOSEPH SMITH,** | : | |
| Respondent. | : | |

# M E M O R A N D U M

## I. Introduction

Evaristus Mackey, a federal prisoner confined at the United States Penitentiary in Lewisburg (USP-Lewisburg), Pennsylvania, filed this *pro se* petition for writ of habeas corpus pursuant to the provisions of 28 U.S.C. § 2241.  Petitioner has also filed an application to proceed *in forma pauperis* (Doc. 2).  Named as Respondent is Joseph Smith. Mackey challenges his federal sentencing, and claims that mistakes in the presentence investigation report (PSI) resulted in an excessive sentence and an inappropriate prisoner classification, and he claims he is entitled to a new sentencing in light of recent Supreme Court decisions.

## II. Background

Mackey was convicted in the United States District Court for the Eastern District of Louisiana (E.D. LA) on June 5, 2001 for crimes under 18 U.S.C. §§ 922(g)(1) (felon in possession of a firearm) and 924(e) (armed career criminal).  *U.S. v. Mackey*, 299 F.Supp.2d 636, 639 (E.D. LA 2004).  On September 5, 2001, Mackey was sentenced to 327 months imprisonment and five years supervised release.  (Doc. 1, p. 3).  The conviction and sentence were upheld in 2002 by the United States Court of Appeals for the

Fifth Circuit. *Mackey*, 299 F.Supp.2d at 639. Subsequently, Mackey filed a motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255, which was denied by the E.D. LA on January 15, 2004. *Id.* at 645. Thereafter, Mackey filed a petition for habeas relief in this Court under 28 U.S.C. § 2241, on July 15, 2004 (Civil Action No. 3:04-CV-1528). By Order dated July 26, 2004 (Doc. 4) this Court summarily dismissed the prior petition, and the dismissal was summarily affirmed on February 10, 2005, by Order of the United States Court of Appeals for the Third Circuit (Doc. 13). Subsequently, Petitioner filed the instant petition on May 27, 2005, raising the same issues presented in the prior petition. For the reasons that follow, the Court again finds that § 2241 relief is unavailable to Mackey, and will summarily dismiss the petition.

### III. Discussion

Habeas corpus petitions brought under § 2241 are subject to summary dismissal pursuant to Rule 4 ("Preliminary Consideration by the Judge") of the Rules Governing Section 2254 Cases in the United States District Courts, 28 U.S.C. foll. § 2254 (1977) (applicable to § 2241 petitions under Rule 1(b)). *See, e.g.*, *Patton v. Fenton*, 491 F. Supp. 156, 158-59 (M.D. Pa. 1979). Rule 4 provides in pertinent part: "If it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court, the judge shall make an order for its summary dismissal and cause the petitioner to be notified." A petition may be dismissed without review of an answer "when the petition is frivolous, or obviously lacking in merit, or where . . . the necessary facts can be determined from the petition itself . . . ." *Allen v. Perini*, 424 F.2d 134, 141 (6th Cir.) *Accord U.S. ex rel. DeCreti v. Wilson*, 967 F.Supp. 303 (N.D.Ill. 1997). The *Allen* court also stated that "the District Court has a duty to screen out a habeas corpus

petition which should be dismissed for lack of merit on its face." 424 F.2d at 141.

Generally, a challenge to the validity of a federal conviction or sentence must be brought in a §2255 motion. *See United States v. Miller*, 197 F.3d 644, 648 n.2 (3d Cir. 1999). Thus, the Petitioner's proper avenue of relief is a section 2255 motion, filed in the district court where he was convicted, *see United States v. Hatcher*, 76 F. Supp. 2d 604 (E.D. Pa. 1999), unless the Petitioner can show that the remedy under section 2255 would be "inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255 (West Supp. 2000); *see also United States v. Brooks*, 230 F.3d 643, 647 (3d Cir. 2000).

The Third Circuit Court of Appeals has stated that such inadequacy or ineffectiveness is present, thereby allowing a § 2241 petition to substitute for a § 2255 motion, only where it is established "'that some limitation of scope or procedure would prevent a Section 2255 proceeding from affording the prisoner a full hearing and adjudication of his claim of wrongful detention.'" *Brooks*, *supra*, 230 F.3d at 648 (quoting *United States ex rel. Leguillou v. Davis*, 212 F.2d 681, 684 (3d Cir. 1954)). "It is the inefficacy of the remedy, *not a personal inability to utilize it*, that is determinative . . . ." *Garris v. Lindsay*, 794 F.2d 722, 727 (D.C. Cir. 1986) (emphasis added). Petitioner has the burden of proving that section 2255 would be an inadequate or ineffective remedy, *Reyes-Requena v. United States*, 243 F.3d 893, 901 (5th Cir. 2001) (citing *Pack v. Yusuff*, 218 F.3d 448, 452 (5th Cir. 2000)), and section 2241 should not be used as a way of evading the gatekeeping provisions of section 2255. *In re Dorsainvil*, 119 F.3d 245, 251 (3d Cir. 1997).

It does not matter whether Mackey has sought permission to file a further § 2255 motion, and was denied, or he is simply assuming his inability to file a successive § 2255

motion from the specific language of the Code.  In either event, § 2255 is not inadequate or ineffective merely because he is unable to meet the gatekeeping requirements of the section.  *Dorsainvil*, 119 F.3d at 251.  Since he has sought such permission, and been denied, then the Court must dismiss the present petition under 28 U.S.C. § 2244(a).[1]  If permission had not been sought, he would be required to do so under § 2244(b)(3)(A).[2]

Petitioner also appears to claim that his federal sentence was improperly enhanced.  In support of his petition, he cites the United States Supreme Court's decision in U.S. v. Booker, 125 S.Ct. 738 (2005).  Booker reaffirmed Apprendi v. New Jersey, 530 U.S. 466 (2000), in which the Court held that any fact other than a prior conviction "that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt."  Apprendi, 530 U.S. at 490.  However, a new rule of criminal procedure will not apply "to those cases which have become final before the new [rule is] announced," Teague v. Lane, 489 U.S. 288, 310 (1989), unless the new rule applies retroactively.  Although the Third Circuit Court of Appeals has stated that the Apprendi line of cases, "of which Booker is surely one" Lloyd v. U.S., – F.3d –, 2005 WL

---

[1] 28 U.S.C. § 2244(a) states:
"No circuit or district judge shall be required to entertain an application for a writ of habeas corpus to inquire into the detention of a person pursuant to a judgment of a court of the United States if it appears that the legality of such detention has been determined by a judge or court of the United States on a prior application for a writ of habeas corpus, except as provided in Section 2255."

[2] 28 U.S.C. § 2244(b)(3)(A) states:
"Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application."

1155220, *5 n. 2 (3d Cir. May 17, 2005), announced a new rule of criminal procedure, the Supreme Court has not made a ruling that <u>Apprendi</u> or <u>Booker</u> may be applied retroactively.  Since the cases may not presently be applied retroactively to cases on collateral review, this Court is precluded from doing so.  See <u>U.S. v. Pinkston</u>, 153 F.Supp.2d 557 (M.D. Pa. 2001).  At best, Mackey has only demonstrated a personal inability to utilize the § 2255 remedy a second time, because of the gatekeeping provisions in that section.[3]  Nothing in the instant petition alters the Court's conclusion that he has failed to establish the inadequacy or ineffectiveness of the remedy. Since section 2255 was not inadequate or ineffective to test the legality of Petitioner's detention or sentence, the Court will dismiss this 2241 petition under Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts.   An appropriate order follows.


Dated: June 16, 2005                             /s/ A. Richard Caputo
                                                 A. RICHARD CAPUTO
                                                 United States District Judge

---

[3]28 U.S.C. § 2255 states in pertinent part:
   "A second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals to contain —
       (1)  newly discovered evidence . . . or
       (2)  a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court . . . ."

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **EVARISTUS MACKEY,** | : | |
| Petitioner, | : | **CIVIL NO. 3:CV-05-1087** |
| v. | : | **(Judge Caputo)** |
| **JOSEPH SMITH,** | : | |
| Respondent. | : | |

## O R D E R

**AND NOW, THIS 16th DAY OF JUNE, 2005,** in accordance with the foregoing memorandum, **IT IS HEREBY ORDERED THAT**:

1. Petitioner's application to proceed *in forma pauperis* (Doc. 2) is **GRANTED** for the purpose of filing the petition only.

2. The petition for writ of habeas corpus under 28 U.S.C. §2241 (Doc. 1) is **DISMISSED** without prejudice to any right Petitioner may have to move the appropriate court of appeals for an order authorizing the district court to consider a successive § 2255 motion pursuant to 28 U.S.C. § 2244(b)(3)(A).

3. The Clerk of Court is directed to **CLOSE** this case.

4. There is no basis for the issuance of a certificate of appealability.

                                                                              /s/ A. Richard Caputo
                                                                              A. RICHARD CAPUTO
                                                                              United States District Judge